(August 5, 1999)

■ JILL LOESBURG, Plaintiff, v RADOVAN JOVANOVIC et al., Defendants. (Action No. 1.) MARYANN A. MATZA, Plaintiff, v RADOVAN JOVANOVIC, Defendant. (And a Third-Party Action.) (Action No. 2.) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff, v RADOVAN JOVANOVIC, Defendant. (Action No. 3.) RADOVAN JOVANOVIC et al., Appellants, v MARYANN M. MATZA et al., Respondents. (Action No. 4.) [694 NYS2d 362] —Amended Order, Supreme Court, New York County (Joan Madden, J.), entered April 30, 1998, which, *inter alia*, granted the respective motion and cross-motion of defendants Matza and Rizzo for summary judgment and dismissed the first and third causes of action in Action No. 4, unanimously modified, on the law, to the extent of denying the motion and cross-motion, reinstating those causes of action, and remanding the matter for further proceedings, and as so modified, the amended order is affirmed, without costs.

The reports of the orthopedic and pulmonary examinations of plaintiff, conducted three and a half years after the subject automobile accident and addressed to the permanency of plaintiff's injuries, are insufficient to warrant the grant of summary judgment to defendants on plaintiff's claim that he suffered a "serious injury" as defined in Insurance Law § 5102 (d), in that, as a result of his non-permanent injuries, he was prevented from substantially performing his occupation as a self-employed limousine driver for 90 days during the 180 days immediately following the accident. Inasmuch as defendants have not sustained their burden of proof as movants for summary judgment, plaintiff's failure to submit sworn competent, admissible, material evidence in opposition is not dispositive (*compare, McLoyrd v Pennypacker*, 178 AD2d 227, *lv denied* 79 NY2d 754). Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.