■ Iris Perez, Appellant, v Mohamed Yousuf Ali et al., Respondents. [804 NYS2d 115]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated July 15, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The medical reports of the defendants' examining physicians, who found that the plaintiff had no orthopedic or neurologic disabilities or impairments were based upon examinations of the plaintiff ranging from three to four years after the date the plaintiff allegedly was injured. However, this proof was insufficient to establish that the injured plaintiff did not sustain a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Connors v Center City,* 291 AD2d 476, 477 [2002]; *Frier v Teague,* 288 AD2d 177 [2001]; *DePetres v Kaiser,* 244 AD2d 851 [1997]; *see also Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Scott v Roudellou,* 291 AD2d 550 [2002]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Nembhard v Delatorre, supra; Scott v Roudellou, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see also Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.