■ JACQUES M. TOUSSAINT, Appellant, v JASON A. CLAUDIO, Respondent. [803 NYS2d 564]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 9, 2004, which granted defendant's motion for summary judgment dismissing the complaint for failure to establish serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion insofar as plaintiff's claim of serious injury is predicated upon allegations that he sustained a nonpermanent injury in the subject automobile accident which incapacitated him for 90 of the 180 days immediately following the accident, and the complaint reinstated to that extent, and otherwise affirmed, without costs.

The reports of the defense medical experts, based on examinations of plaintiff conducted six years after the subject automobile accident, addressed plaintiff's condition as of the time of the examination, not during the six months immediately after the accident, and were, accordingly, insufficient to sustain defendant summary judgment movant's burden of proof to establish prima facie that plaintiff had not sustained serious injury by reason of having been incapacitated from performing substantially all of his customary and daily activities for 90 of the 180 days following the accident (*see Burford v Fabrizio*, 8 AD3d 784, 786 [2004]; *Loesburg v Jovanovic*, 264 AD2d 301 [1999]).

Defendant, however, by showing a more than six-year gap in plaintiff's treatment, met his burden to demonstrate prima facie that plaintiff had not sustained serious injury involving a significant limitation in his use of a body function or system,

and since plaintiff failed to come forward with a reasonable explanation for the gap, summary judgment dismissing plaintiff's claim of serious injury under the significant limitation category was correct (see *Agramonte v Marvin*, 22 AD3d 322 [2005]; *Pommells v Perez*, 4 NY3d 566 [2005]). Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.