■ ILIANA I. LOPEZ, Appellant, v STARKIS V. GERALDINO et al., Respondents. [825 NYS2d 143]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 15, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the causes of action predicated on allegations that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendants established, through competent expert evidence (*see Dufel v Green*, 84 NY2d 795 [1995]), that the plaintiff did not sustain a "permanent loss of use of a body organ, member, function or system[, a] permanent consequential limitation of use of a body organ or member [or a] significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d). In opposition, the plaintiff

failed to raise a triable issue of fact (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action predicated on those categories of serious injury (*see Toussaint v Claudio,* 23 AD3d 268 [2005]; *Lowell v Peters,* 3 AD3d 778 [2004]; *Tornatore v Haggerty,* 307 AD2d 522 [2003]).

The court erred, however, in granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action predicated on allegations that the plaintiff sustained "a medically determined injury or impairment of a non-permanent nature which prevent[ed her] from performing substantially all of the material acts which constitute[d her] usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). The defendants did not adequately address that category of serious injury in their motion papers and, therefore, failed to establish their prima facie entitlement to summary judgment as to that claim (*see Toussaint v Claudio, supra; Lowell v Peters, supra; Tornatore v Haggerty, supra; see also Volpetti v Yoon Kap,* 28 AD3d 750 [2006]; *Sayers v Hot,* 23 AD3d 453 [2005]; *Perez v Ali,* 23 AD3d 363 [2005]). Accordingly, summary judgment should not have been granted with respect to the 90/180 category of serious injury.

The plaintiff's remaining contention is without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.