■ MRUNALANI PATEL et al., Appellants, v MARTIN DELEON et al., Respondents. [840 NYS2d 819]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated September 20, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Mrunalani Patel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was, in effect, for summary judgment dismissing the plaintiffs' claim predicated on allegations that the plaintiff Mrunalani Patel sustained a medically-determined injury of a nonpermanent nature which prevented her, for at least 90 of the 180 days immediately after the subject accident, from performing her usual and customary activities and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The defendants made a prima facie showing that the injured plaintiff did not sustain a "permanent loss of use of a body organ, member, function or system[, a] permanent consequential limitation of use of a body organ or member [or a] significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendans' motion which was, in effect, for summary judgment dismissing the claims predicated on those categories of serious injury.

The Supreme Court erred, however, in granting that branch of the defendants' motion which was, in effect, for summary judgment dismissing the claim predicated on allegations that

the injured plaintiff sustained a medically-determined injury of a nonpermanent nature which prevented her, for at least 90 of the 180 days immediately after the accident, from performing her usual and customary activities. In their motion papers, the defendants failed to adequately address those allegations. They thus failed to demonstrate their entitlement to judgment as a matter of law with respect to that claim (*see* Insurance Law § 5102 [d]; *see Torres v Performance Auto. Group, Inc.,* 36 AD3d 894, 895 [2007]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the claim predicated on this category of serious injury (*see Lopez v Geraldino,* 35 AD3d 398, 399 [2006]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.