■ HAJI ALI BRELAND, Appellant, v KARNAK CORP. et al., Respondents. [854 NYS2d 765]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 13, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as is predicated on allegations that the plaintiff sustained a medically determined injury of a nonpermanent nature which prevented him, for at least 90 of the 180 days im-

mediately after the subject accident, from performing his usual and customary activities, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendants made a prima facie showing that the plaintiff did not sustain, as a result of the subject accident, a "permanent loss of use of a body organ, member, function or system . . . [, a] permanent consequential limitation of use of a body organ or member . . . [or a] significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as is predicated on those categories of serious injury (see Patel v DeLeon, 43 AD3d 433 [2007]).

The Supreme Court erred, however, in granting that branch of the defendants' motion which was, in effect, for summary judgment dismissing so much of the complaint as is predicated on allegations that the plaintiff sustained a medically determined injury of a nonpermanent nature which prevented him, for at least 90 of the 180 days immediately after the accident, from performing his usual and customary activities. In their motion papers, the defendants failed adequately to address those allegations (see Torres v Performance Auto. Group, Inc., 36 AD3d 894, 895 [2007]). Inasmuch as the defendants failed to satisfy their prima facie burden with respect to that branch of their motion, it is unnecessary for us to consider whether the plaintiff's papers were sufficient to raise a triable issue of fact in opposition (see Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing so much of the complaint as is predicated on this category of serious injury (see Patel v DeLeon, 43 AD3d at 434; Lopez v Geraldino, 35 AD3d 398, 399 [2006]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.