■ NICHOLAS PALMA, Appellant, v DANIEL ROSA, Respondent. [910 NYS2d 74]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 11, 2009, which granted defendant's motion for summary judgment dismissing plaintiff's complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny so much of defendant's motion as sought dismissal of plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

On the issue of permanent injury, defendant's submissions, which included the affirmations of his orthopedist and radiologist, met his prima facie burden (see Brown v Achy, 9 AD3d 30,

31 [2004]), and the admissible evidence submitted by plaintiff in opposition to the motion (see *Grasso v Angerami*, 79 NY2d 813 [1991]) failed to raise an issue of fact. In particular, the findings contained in the August 2008 report and September 2008 affidavit of plaintiff's current chiropractor lack probative value as to any causal relationship between plaintiff's current complaints and the August 2003 accident (see *Lopez v Abdul-Wahab*, 67 AD3d 598, 599 [2009]; *Kurin v Zyuz*, 54 AD3d 902, 903 [2008]); in any event, the chiropractor's diagnosis of residual cervical sprain with underlying herniated discs is, by itself, insufficient to support a claim of serious injury (see *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 51-52 [2005]); and the claim of permanent injury is further undermined by the chiropractor's August 2008 "[g]ood" prognosis and findings that "there is currently no objective evidence of a disability" and that plaintiff "can continue to work." We modify to reinstate plaintiff's 90/180-day claim because defendant's moving papers do not address that claim (see *Loesburg v Jovanovic*, 264 AD2d 301 [1999]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.