■ SERGIO SAYERS, Appellant, v ARIF E. HOT et al., Respondents. [805 NYS2d 571]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Johnson, J.), dated June 3, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated against the defendants.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants' motion papers never addressed the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The accident happened April 17, 2000, and the plaintiff was out of work until October 2000. The defendants' physicians conducted their independent examinations of the plaintiff some $3\frac{1}{2}$ years after the incident. Neither expert related their findings to this category of serious injury for the period of time immediately following the accident. Where a defendant does not meet this initial burden, the court "need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact" (*Jones v Jacob,* 1 AD3d 485, 486 [2003]; *see Taylor v Ellis,* 5 AD3d 471, 472 [2004]). Accordingly, the defendants' separate motions for summary judgment should have been denied. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.