■ George Torres et al., Plaintiffs, and Tina L. Simpson, Appellant, v Performance Automobile Group, Inc., et al., Respondents. [829 NYS2d 181]—

In an action to recover damages for personal injuries, etc., the plaintiff Tina L. Simpson appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 28, 2005, as granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by her in her individual capacity on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her cross motion for summary judgment on the issue of liability, and (2) from so much of a judgment of the same court entered November 28, 2005, as, upon the order, dismissed the complaint insofar as asserted by her in her individual capacity.

Ordered that the appeal from the order is dismissed; and it is further;

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion is denied, the complaint insofar as asserted by the plaintiff Tina L. Simpson in her individual capacity is reinstated, the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's cross motion on the merits, and the order dated September 28, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Tina L. Simpson.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants failed to make a prima facie showing that the plaintiff Tina L. Simpson (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on August 28, 2003. The plaintiff testified, at her deposition, that she went to work, in a limited capacity until September 26, 2003, when she was no longer able to do so. She was out of work, on the advice of her treating physician, until February 2004. Thus, the plaintiff was out of work for five months out of the first six months post-accident. The defendants' examining orthopedist and neurologist conducted their separate examinations of the plaintiff nearly 1¹/₂ years post-accident. Neither expert related their findings to this category of serious injury for the period of time immediately following the accident (*see Lopez v Geraldino*, 35 AD3d 398 [2006]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Faun Thai v Butt*, 34 AD3d 447 [2006]; *Museau v New York City Tr. Auth.*, 34 AD3d 772 [2006]; *Talabi v Diallo*, 32 AD3d 1014 [2006]; *Volpetti v Yoon Kap*, 28 AD3d 750 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable is-

sue of fact (*see Sayers v Hot, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

In view of our determination, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's cross motion on the merits (*see Korpalski v Lau*, 17 AD3d 536 [2005]). Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.