■ WILLIAM ALEXANDRE, Respondent, v FREIDA DWECK et al., Appellants, et al., Defendant. [848 NYS2d 181]—

In an action to recover damages for personal injuries, the defendants Freida Dweck and Accutime Watch Corp. appeal, and the defendant Hann Auto Trust separately appeals, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 5, 2006, as denied their respective cross motions for summary judgment dismissing the complaint insofar as asserted against them on the issue of liability and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately.

The appellants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The appellants' motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see Sayers v Hot, 23 AD3d 453, 454 [2005]). The accident occurred on January 2, 2002 and the plaintiff was out of work until July 2002. The appellants' physicians conducted their examinations of the plaintiff more than 2 1/2 years after the incident. Neither expert related his findings to this category of serious injury for the period of time immediately following the accident. Where a defendant does not meet this initial burden, the court need not consider whether the plaintiff's opposition was sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).

Furthermore, while the deposition testimony of the defendant Freida Dweck established, prima facie, that the accident did not result from negligence on her part (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), the conflicting testimony of the plaintiff as to which driver was proceeding with a green light

raised a triable issue of fact on the question of liability (see CPLR 3212 [b]). Crane, J.P., Lifson, Carni and Balkin, JJ., concur.