■ RICHARD JENSEN, Appellant, v NICMANDA TRUCKING, INC., et al., Respondents. [851 NYS2d 594]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated December 28, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The plaintiff stated in his bill of particulars that, as a result of the subject accident, he was out of work for approximately five months. The subject accident occurred on January 5, 2005, and the plaintiff was not examined by the defendant's examining orthopedic surgeon until June 19, 2006, approximately 1½ years after the accident. Despite these allegations of serious injury, the defendant's expert did not address this category of serious injury in his report (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d at 454).

Although the defendants' examining radiologist observed disc bulges in the lumbar and cervical spine of the plaintiff, based upon his review of the plaintiff's magnetic resonance imaging

studies, he deemed that condition to be the result of pre-existing degenerative disc disease. His conclusion in this regard, however, was not sufficient to establish the defendants' prima facie case, since the plaintiff alleged more than just cervical and lumbar spine injuries in his bill of particulars, but also alleged bilateral shoulder derangement. While the defendants' examining orthopedic surgeon noted in his report that, on the date of his examination, the plaintiff had full range of motion in both shoulders, those findings were made 1½ years after the subject accident occurred. There was no opinion proffered by the defendants' experts on whether the plaintiff's alleged shoulder injuries prevented him from going to work for five months during the first 180 days immediately following the accident. Thus, the defendants failed to establish their prima facie case. When a defendant does not meet this initial burden, the court need not consider whether the plaintiff's opposition was sufficient to raise a triable issue of fact (*see Alexandre v Dweck,* 44 AD3d at 597; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.