■ BASHIA EDWARDS et al., Appellants, v SULTAN TRANSPORTATION, INC., et al., Defendants, and GRECCO BROS TOWING AND AUTO, INC., et al., Respondents. [850 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 29, 2006, which granted the motion of the defendants Grecco Bros Towing and Auto, Inc., and Edillo Rodriguez, Jr., for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Grecco Bros Towing and Auto, Inc., and Edillo Rodriguez, Jr., for summary judgment dismissing the complaint insofar as asserted against them is denied.

Contrary to the Supreme Court's determination, the defendants Grecco Bros Towing and Auto, Inc., and Edillo Rodriguez, Jr. (hereinafter the defendants), failed to establish, prima facie, that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The affirmed medical report of Dr. Edward Weiland, the neurologist who examined the plaintiffs on behalf of the defendants, set forth range of motion findings concerning the plaintiffs' respective cervical and lumbar spines but failed to compare those find-

ings to what is normal (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). These omissions, on their own, prevented the defendants from meeting their prima facie burden.

Furthermore, the defendants did not adequately address the plaintiffs' claims, clearly set forth in their bill of particulars, that they sustained medically-determined injuries or impairments of a nonpermanent nature which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). The plaintiff Bashia Edwards testified at her deposition that she was confined to her home for more than three months post accident and during that time could not care for her grandfather. As to the plaintiff Kelvin Spooner, he testified that he was out of work for seven months post accident. Dr. Weiland did not address this category of serious injury in his reports. Furthermore, the subject accident occurred on November 12, 1998 and the plaintiffs were not examined by Dr. Weiland until May and June of 2004.

Thus, since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.