■ DELORES D. SULLIVAN et al., Appellants, v KARINE ILLOGE et al., Respondents. [855 NYS2d 240]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated December 7, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Delores D. Sullivan did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated May 16, 2007, which denied their motion for leave to reargue and renew.

Ordered that the order dated December 7, 2006 is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the appeal from the order dated May 16, 2007 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendants failed to satisfy their prima facie burden of showing that the injured plaintiff, Delores D. Sullivan (hereinafter the plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on January 1, 2003. The plaintiff testified, at her deposition, that she went to work for approximately three to four days after the accident, and then was out of work for six months. The defendants' examining orthopedic surgeon conducted his examination of the plaintiff nearly three years and four months after the accident. In fact, he noted in his report that the plaintiff missed six months from work as a result of the accident. He did not relate his medical findings to this category of serious injury for the period of time immediately following the accident (*see Joseph v Hampton,* 48 AD3d 638 [2008]; *DeVille v Barry,* 41

AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Sayers v Hot,* 23 AD3d 453 [2005]).

Since the defendants failed to satisfy their prima facie burden, it is unnecessary for this Court to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see DeVille v Barry,* 41 AD3d 763 [2007]; *Sayers v Hot,* 23 AD3d 453 [2005]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]).

The appeal from so much of the order dated May 16, 2007 as denied that branch of the plaintiffs' motion which was for leave to reargue must be dismissed on the ground that no appeal lies from an order denying leave to reargue. Additionally, in light of our determination on the appeal from the order dated December 7, 2006, the appeal from so much of the order dated May 16, 2007, as denied that branch of the plaintiffs' motion which was for leave to renew must be dismissed as academic. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.