■ VELETA CARR, Appellant, and LLOYD TREVOR CARR, Appellant and Counterclaim Defendant-Respondent, v KMO TRANSPORTATION, INC., Defendant and Counterclaim Plaintiff-Respondent, and JEAN O. ANTOINE, Respondent. [872 NYS2d 476]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Queens County (Kitzes, J.), entered February 25, 2008, as granted the separate motions of the defendants KMO Transportation, Inc., and Jean O. Antoine for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Veleta Carr did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted that branch of the motion of Lloyd Trevor Carr, the defendant on the counterclaim, for summary judgment dismissing the complaint on the same ground.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the plaintiffs payable by the respondents, and the separate motions of the defendants KMO Transportation, Inc., and Jean O. Antoine, and that branch of the motion of the counterclaim defendant, Lloyd Trevor Carr,

which were for summary judgment dismissing the complaint on the ground that the plaintiff Veleta Carr did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The defendants KMO Transportation, Inc., and Jean O. Antoine, as well as the plaintiff/counterclaim defendant Lloyd Trevor Carr (hereinafter collectively the movants), all sought to dismiss the complaint on the ground that the plaintiff Veleta Carr (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their separate motions, the movants relied on the same submissions. The Supreme Court erred in concluding that those submissions were sufficient to meet their prima facie burdens of showing that the injured plaintiff did not sustain a serious injury within the meaning of the no-fault statute as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957). The motion papers of the respective movants did not adequately address the injured plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Jensen v Nicmanda Trucking, Inc.,* 47 AD3d 769 [2008]; *Alexandre v Dweck,* 44 AD3d 597 [2007]; *Sayers v Hot,* 23 AD3d 453, 454 [2005]). The injured plaintiff stated in her bill of particulars that, as a result of the subject accident, she was out of work for approximately five months. The subject accident occurred on June 27, 2005, and the injured plaintiff was not examined by Dr. Edward Weiland or Dr. Yan Q. Sun, experts hired by the defendant TMO Transportation, Inc. (hereinafter TMO), until April 5, 2007, approximately one year and nine months after the subject accident. Despite these allegations of serious injury, the experts did not address this category of serious injury in their respective reports (*see Jensen v Nicmanda Trucking, Inc.,* 47 AD3d 769 [2008]; *Alexandre v Dweck,* 44 AD3d 597 [2007]; *Sayers v Hot,* 23 AD3d 453 [2005]).

Although the movants relied on the affirmed medical reports of Dr. Marc Brown, TMO's radiologist, his conclusions, based upon his review of her magnetic resonance imaging studies, that the injuries noted in the injured plaintiff's cervical and lumbar spine were not the result of the subject accident but were the result of preexisting degeneration, were not sufficient

to establish the movants respective prima facie burdens. Dr. Brown's conclusions were insufficient because the injured plaintiff alleged not only cervical and lumbar spine injuries in her bill of particulars, but also alleged injury to her right shoulder. While Dr. Weiland and Dr. Sun noted in their respective reports that, on the date of their examinations, the injured plaintiff had full range of motion in her right shoulder, those findings were made one year and nine months post-accident. There was no opinion offered by any of the experts relied upon by the movants as to whether the injured plaintiff's alleged right shoulder injury prevented her from working for approximately five months during the first 180 days immediately following the subject accident. Thus, the movants failed to establish their respective prima facie burdens.

Since the movants failed to meet their respective prima facie burdens, it is unnecessary to consider whether the injured plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Jensen v Nicmanda Trucking, Inc.,* 47 AD3d 769 [2008]; *Alexandre v Dweck,* 44 AD3d 597 [2007]; *Sayers v Hot,* 23 AD3d 453 [2005]). Mastro, J.P., Fisher, Florio, Carni and Eng, JJ., concur. [*See* 2008 NY Slip Op 30454(U).]