■ ANISSA SMITH, Appellant, v RICHARD QUICCI et al., Respondents. [880 NYS2d 652]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 19, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, clearly

set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Alexandre v Dweck,* 44 AD3d 597 [2007]; *Sayers v Hot,* 23 AD3d 453, 454 [2005]). The subject accident occurred October 26, 2005, and the plaintiff did not return to work until August 2006. The defendants' neurologist conducted his independent examination of the plaintiff almost two years after the accident. He failed to relate his findings to this category of serious injury for the period of time immediately following the accident. Furthermore, when he examined the plaintiff he merely opined that the plaintiff had full range of motion in the cervical spine, yet failed to set forth the objective medical testing he performed to arrive at that conclusion (*see Giammalva v Winters,* 59 AD3d 595 [2009]; *Stern v Oceanside School Dist.,* 55 AD3d 596 [2008]; *Cedillo v Rivera,* 39 AD3d 453 [2007]; *McLaughlin v Rizzo,* 38 AD3d 856 [2007]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Giammalva v Winters,* 59 AD3d 595 [2009]; *Alexandre v Dweck,* 44 AD3d 597 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.