■ MOHAMMED RAHMAN, Appellant, v KHARRAM SARPAZ et al., Respondents. [880 NYS2d 125]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 12, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is denied.

The defendants did not meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Carr v KMO Transp., Inc.,* 58 AD3d 783 [2009]; *Jensen v Nicmanda Trucking, Inc.,* 47 AD3d 769 [2008]; *Alexandre v Dweck,* 44 AD3d 597 [2007]; *Sayers v Hot,* 23 AD3d 453, 454

[2005]). The subject accident occurred on November 8, 2003, and the plaintiff was not examined by the defendants' experts, Dr. Guoping Zhou and Dr. Michael P. Rafiy, until September 28, 2007, approximately three years and 10 months after the subject accident. The plaintiff testified at his deposition that he missed 9$^1$/$_2$ months of work as a result of the subject accident, which was noted in the reports of Dr. Zhou and Dr. Rafiy. Dr. Zhou and Dr. Rafiy did not address this category of serious injury in their respective reports (*see Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Sayers v Hot*, 23 AD3d 453 [2005]).

While the defendants relied on the affirmed medical report of Dr. David L. Milbauer, their radiologist, Dr. Milbauer failed to establish that the plaintiff did not sustain a serious injury under the 90/180-day category. Dr. Milbauer merely provided his opinion based on his review of the plaintiff's lumbar and cervical spine magnetic resonance imaging films dated March 8, 2004. The plaintiff in this case claimed more than spinal injuries in his bill of particulars; he also claimed left knee injuries as a result of the subject accident. Dr. Milbauer's reports do not address the plaintiff's left knee or the 90/180-day category of serious injury (*see Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Jensen v Nicmanda Trucking Inc.*, 47 AD3d 769 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Sayers v Hot*, 23 AD3d 453 [2005]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.