■ IRIS TAKAROFF, Respondent, v A.M. USA, INC., et al., Appellants. [882 NYS2d 265]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated October 2, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the defendants' motion for summary judgment. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants' motion papers did not address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident. The subject accident occurred on November 4, 2004 and the plaintiff, who did not work, alleged that she was confined to her home for approximately four months and was incapacitated from doing her household duties during that time. The defendants' expert neurologist conducted his independent examination of the plaintiff more than three years after the subject accident. He did not relate any of his findings to this category of serious injury for the period of time immediately following the subject accident (*see Delayhaye v Caledonia Limo & Car Serv., Inc.,* 61 AD3d 814 [2009]; *Colacino v Andrews,* 50 AD3d 615 [2008]; *Greenidge v Righton Limo, Inc.,* 43 AD3d 1109 [2007]; *Sayers v Hot,* 23 AD3d 453 [2005]).

While the defendants also relied on the affirmed medical report of Dr. A. Robert Tantleff, their radiologist, it failed to establish that the plaintiff did not sustain a serious injury as a result of the subject accident. In his report, Dr. Tantleff merely provided his opinion concerning his review of the plaintiff's lumbar spine magnetic resonance imaging films dated May 17, 2007. The plaintiff claimed more than lumbar injuries in her bill of particulars, and Dr. Tantleff's report does not address those other claims, such as cervical spine and right shoulder injuries (*see Delayhaye v Caledonia Limo & Car Serv., Inc.,* 61 AD3d 814 [2009]; *Carr v KMO Transp., Inc.,* 58 AD3d 783 [2009]; *Jensen v Nicmanda Trucking, Inc.,* 47 AD3d 769 [2008]).

Since the defendants did not meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.