(August 18, 2009)

■ JANET ALVAREZ, Appellant, v JOY C. DEMATAS, Respondent. [884 NYS2d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 12, 2008, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, in effect, denied, as academic, her cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Westchester County, to determine the plaintiff's cross motion on the merits.

The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The subject accident occurred on March 25, 2006. In her bill of particulars, the plaintiff alleged that she was confined to her home as a result of the accident for one year thereafter. The medical reports of Dr. S.W. Bleifer and Dr. Robert Costello, submitted in support of the defendant's motion, established that approximately seven months after the accident, the plaintiff had not returned to work. Also submitted on the motion was the medical report of Dr. Martin Barschi, the defendant's examining orthopedic surgeon, who examined the plaintiff one year and five months after the accident, and who noted that the plaintiff was unable to return to work after the accident. In addition, in the reports,

the doctors also failed to relate their findings to this category of serious injury for the period of time immediately following the accident. Moreover, in his report, Dr. Barschi clearly set forth significant limitations in the range of motion of the plaintiff's cervical spine (*see Landman v Sarcona*, 63 AD3d 690 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 472-473 [2007]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment regardless of the sufficiency of the plaintiff's opposing papers (*Landman v Sarcona*, 63 AD3d 690 [2009]; *see Smith v Quicci*, 62 AD3d 858 [2009]).

In light of our determination that the defendant's motion for summary judgment should have been denied, we remit the matter to the Supreme Court, Westchester County, to determine the plaintiff's cross motion on the merits (*see Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469, 470 [2008]).

The defendant's remaining contention is without merit. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.