■ DANIEL NEGASSI, Appellant, v HARRY H. ROYLE et al., Respondents. [885 NYS2d 760]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated April 16, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, and the complaint is reinstated.

The plaintiff alleges that while riding a bicycle on April 28, 2005, in the Village of Hempstead, he was struck by a motor vehicle owned by the defendant Hofstra University and operated by the defendant Harry H. Royle, and sustained injuries as a result thereof. After the plaintiff commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). However, the defendants did not address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Rahman v Sarpaz*, 62 AD3d 979 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Shaw v Jalloh*, 57 AD3d 647 [2008]; *Alexandre v Dweck*,

44 AD3d 597 [2007]). In his bill of particulars dated approximately 14 months after the subject accident, the plaintiff stated that as a result of and since the subject accident, he was partially confined to his home and unable to work. In his deposition, the plaintiff testified that as a result of the subject accident, he had been unable to work. The defendants' orthopedic surgeon, Dr. Andrew Weiss, conducted his independent examination of the plaintiff on January 11, 2007, more than 1½ years after the accident, yet failed to address this category of serious injury for the period of time immediately following the accident. Accordingly, the defendants did not meet their prima facie burden of showing that as a result of the subject accident, the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Rahman v Sarpaz*, 62 AD3d 979 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]).

Since the defendants failed to meet their prima facie burden, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.