■ CLEBER C. MENEZES, Respondent, v SULTAN A. KHAN et al., Appellants. [889 NYS2d 54]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered March 18, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants did not address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the

material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Negassi v Royle*, 65 AD3d 1311 [2009]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Rahman v Sarpaz*, 62 AD3d 979, 980 [2009]; *Smith v Quicci*, 62 AD3d 858, 859 [2009]). The plaintiff alleged in his bill of particulars that he missed three months of work as a result of the accident, and the defendants' neurologist and orthopedist were both advised of this allegation. However, neither of these experts, who did not examine the plaintiff until more than three years after the accident, related his findings to the 90/180-day category of serious injury. The affirmed medical reports of the defendants' radiologist also failed to establish that the plaintiff did not sustain a serious injury as a result of the accident. Although the radiologist opined that the plaintiff had not suffered any traumatic injury to his cervical and lumbar spines, her reports did not address any of the other injuries alleged in the plaintiff's bill of particulars, including bilateral shoulder and knee injuries (*see Takaroff v A.M. USA, Inc.*, 63 AD3d 1142, 1143 [2009]; *Rahman v Sarpaz*, 62 AD3d at 980; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814, 815 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783, 784-785 [2009]; *Jensen v Nicmanda Trucking, Inc.*, 47 AD3d 769, 770 [2008]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Takaroff v A.M. USA, Inc.*, 63 AD3d at 1144; *Rahman v Sarpaz*, 62 AD3d at 980). Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.