STANFIELD PINDER, Appellant, v ROBERT SALVATORE et al., Respondents. [894 NYS2d 76]—

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their respective motions, all of the defendants relied on the same submissions. The defendants' respective motion papers failed to adequately address the plaintiff's claim, clearly set forth in his

bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The subject accident occurred on February 7, 2004. The plaintiff testified at his deposition that he was out of work for 10 months immediately after the subject accident. In his bill of particulars, the plaintiff alleged that he was confined to his home for 20 weeks immediately after the subject accident. The defendants' examining neurologist and orthopedist did not examine the plaintiff until three years after the accident, and they failed, in their respective reports, to relate their findings to this category of serious injury for the period of time immediately following the accident.

Since all of the defendants failed to meet their prima facie burdens, it is unnecessary to address the question of whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Sayers v Hot*, 23 AD3d 453 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.