◾ NIKKI SANDRA BREEDY, Respondent, v GEORGE J. JENKINS et al., Appellants. [897 NYS2d 111]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), entered February 2, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by

the plaintiff in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Smith v Quicci*, 62 AD3d at 859; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Santucci, Angiolillo, Hall and Lott, JJ., concur.