◼ JESSICA ENCARNACION, Respondent, v KRISTINE M. SMITH et al., Defendants, and GC ALARM, INC., et al., Appellants. [893 NYS2d 625]—

In an action to recover damages for personal injuries, the defendants GC Alarm, Inc., and Jonathan E. Reilly appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated February 13, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a

ground other than that relied upon by the Supreme Court. The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants' motion papers failed adequately to address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (hereinafter the 90/180-day category) (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The subject accident occurred on June 14, 2004. In her bill of particulars, the plaintiff alleged that, since the subject accident, she has been confined to her bed and home, and has been incapacitated and unable to work. The medical report of Dr. Edward Toriello, the appellants' examining orthopedic surgeon, who examined the plaintiff two years and four months after the subject accident, noted that the plaintiff did not return to work due to the injuries sustained in the subject accident. In addition, the plaintiff was examined by Dr. Daniel J. Feuer, the appellants' examining neurologist, on September 19, 2006. Both Dr. Toriello and Dr. Feuer failed to relate their findings to the 90/180-day category of serious injury for the period of time immediately following the subject accident.

While the appellants also relied on the affirmed medical reports of their radiologist, Dr. Alan B. Greenfield, these reports were insufficient to meet their prima facie burden. Greenfield's reports dealt solely with the cervical and lumbar regions of the plaintiff's spine, whereas, in her bill of particulars, she alleged injuries to parts of her body in addition to those regions of her spine (*see Menezes v Khan*, 67 AD3d 654 [2009]; *Takaroff v A.M. USA, Inc.*, 63 AD3d 1142, 1143 [2009]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814, 815 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783, 784-785 [2009]; *Jensen v Nicmanda Trucking, Inc.*, 47 AD3d 769, 770 [2008]).

The appellants' remaining contentions either are without merit or refer to material that, as the Supreme Court correctly determined, was improperly submitted for the first time with the appellants' reply papers (*see CPLR 2214; Klimis v Lopez*, 290 AD2d 538 [2002]).

■■■■■■■■■■■■■■■■■

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment regardless of the sufficiency of the plaintiff's opposing papers (*see Alvarez v Dematas*, 65 AD3d 598 [2009]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.