■ MELANIE BRIGHT, Appellant, v NOHA MOUSSA et al., Respondents. [898 NYS2d 865]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated April 21, 2009, which granted the motion of the defendants Thomas Parish and Village Limo, Inc., and the separate motion of the defendants Noha Moussa and Maher Moussa, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of

costs, and the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The defendants failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' respective motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]).

While the defendants relied on the plaintiff's magnetic resonance imaging reports concerning the cervical and lumbar regions of her spine and her right knee, these reports were insufficient to meet their prima facie burdens. These reports dealt solely with the cervical and lumbar regions of the plaintiff's spine, as well as her right knee, whereas, in her bill of particulars, she alleged additional injuries to other regions of her body, such as her left knee and right shoulder (*see Menezes v Khan*, 67 AD3d 654 [2009]; *Takaroff v A.M. USA, Inc.*, 63 AD3d 1142, 1143 [2009]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814, 815 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783, 784-785 [2009]; *Jensen v Nicmanda Trucking, Inc.*, 47 AD3d 769, 770 [2008]).

Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Menezes v Khan*, 67 AD3d at 654; *Alvarez v Dematas*, 65 AD3d at 600; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.