■ SANDRA TORRES, Respondent, v MARIA CANNELLA et al., Appellants, and EVANGELINA ROMERO et al., Respondents. [903 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant Luis Reyes appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated July 29, 2009, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Maria Cannella separately appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The present action arises from a three-car motor vehicle accident which occurred on the afternoon of September 1, 2004, in Nassau County. After joinder of issue, the defendant Luis Reyes moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thereafter, the defendant Maria Cannella moved for the same relief on that ground, and also on the ground that she was not at fault in the happening of the accident.

Reyes failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Reyes' motion papers failed to adequately address the plaintiff's claim, clearly set forth in her verified bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Collins v Leung,* 71

AD3d 814 [2010]; *Smith v Quicci*, 62 AD3d 858 [2009]). Cannella similarly failed to meet her burden in that regard, and also failed to eliminate all triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether any alleged negligence on her part was a proximate cause of the contact between the car which she was operating and the car in which the plaintiff was riding as a passenger.

Since Reyes and Cannella both failed to meet their prima facie burdens, it is unnecessary to consider whether the papers submitted in opposition were sufficient to raise a triable issue of fact (*see Collins v Leung*, 71 AD3d 814 [2010]). Accordingly, the Supreme Court properly denied Reyes' motion and Cannella's motion. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.