■ LAURENCE DALUZ SOUSA, Respondent, v GERMAN RIVERA et al., Appellants, et al., Defendants. [908 NYS2d 591]—In an action to recover damages for personal injuries, the defendants German Rivera and Roger Montalvo appeal from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 7, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within

the meaning of Insurance Law § 5102 (d), as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants' motion papers failed to adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Collins v Leung*, 71 AD3d 814 [2010]; *Negassi v Royle*, 65 AD3d 1311 [2009]; *Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]). Since the appellants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the appellants' motion were sufficient to raise a triable issue of fact (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.