■ MICHAEL PALMERI, Respondent, v MIZHQUIRI TRANSPORTATION, INC., et al., Appellants. [910 NYS2d 687]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated April 29, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Udochi v H & S Car Rental Inc.*, 76 AD3d 1011 [2010]; *Strilcic v Paroly*, 75 AD3d 542 [2010]; *Encarnacion v Smith*, 70 AD3d 628 [2010]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). Accordingly, we need not consider the sufficiency of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.