■ ALLISON COHN, Respondent, v RAHIM KHAN et al., Appellants. [933 NYS2d 403]—

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she was struck by a taxicab while she was walking on Avenue A in Manhattan. At the time of the accident, the taxicab allegedly was owned by the defendant Nancy Transit, Inc., and operated by the defendant Rahim Khan. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff cross-moved, among other things,

for summary judgment on the issue of liability. The Supreme Court denied the defendants' motion and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. We modify.

The defendants' motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919 [2010]; *Udochi v H & S Car Rental Inc.*, 76 AD3d 1011 [2010]; *Strilcic v Paroly*, 75 AD3d 542 [2010]; *Bright v Moussa*, 72 AD3d 859 [2010]; *Encarnacion v Smith*, 70 AD3d 628 [2010]; *Negassi v Royle*, 65 AD3d 1311 [2009]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). Accordingly, the Supreme Court properly denied the defendants' motion because they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Bright v Moussa*, 72 AD3d at 859; *Menezes v Khan*, 67 AD3d 654, 654 [2009]; *Alvarez v Dematas*, 65 AD3d at 600; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

However, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. In support of her cross motion, the plaintiff submitted evidence which indicated that she left the sidewalk and was struck by the taxicab while she was walking along the edge of the roadway with her back to oncoming traffic (*cf.* Vehicle and Traffic Law § 1156 [a]). Since the plaintiff's submissions failed to establish, prima facie, that she was free from comparative negligence or that the defendant driver's allegedly negligent conduct was the sole proximate cause of the accident, the Supreme Court should have denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability (*see Mackenzie v City of New York*, 81 AD3d 699, 700 [2011]; *Singh v Doo Jae Lee*, 76 AD3d 555 [2010];

*Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]; *Yuen Lum v Wallace*, 70 AD3d 1013 [2010]; *see also Thoma v Ronai*, 82 NY2d 736 [1993]). Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.