■ MARVIN R. CORDOVA, as Executor of CARLOS CORDOVA, Deceased, Respondent, v TOWN OF ISLIP, Defendant/Third-Party Plaintiff-Respondent-Appellant. GIOVE COMPANY, INC., Third-Party Defendant-Appellant-Respondent. [16 NYS3d 597]—

In an action, inter alia, to recover damages for wrongful death, the third-party defendant, Giove Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated February 1, 2013, as denied its motion for summary judgment dismissing the third-party complaint, and the defendant/third-party plaintiff, Town of Islip, cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of Giove Company, Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On November 18, 2002, the plaintiff's decedent was working at a paper recycling facility owned by his employer, the third-party defendant, Giove Company, Inc. (hereinafter Giove), when a large cement block fell on him, causing his death. The cement block had been part of a wall of stacked cement blocks which separated floor space in the part of the facility which was used to unload paper from trucks. At the time of the accident, paper was being unloaded from a truck driven by an employee of the defendant/third-party plaintiff, Town of Islip (hereinafter the Town).

The plaintiff commenced this wrongful death action against the Town, alleging, among other things, that the negligence of the Town's employee in operating the truck caused the cement block to fall from the wall. The Town commenced a third-party action against Giove seeking indemnification and/or contribution. Giove moved for summary judgment dismissing the third-party complaint, arguing that it was not required to indemnify the Town for the Town's own negligence. The Town cross-moved for summary judgment dismissing the complaint, arguing that Giove's negligent construction of the wall was the sole proximate cause of the accident. In the order appealed from, the Supreme Court denied both the motion and cross motion.

The Supreme Court correctly concluded that the Town failed to meet its prima facie burden of demonstrating the absence of any triable issues of fact as to whether the negligence of its employee, if any, contributed to the happening of the accident (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Town's cross motion for summary judgment dismissing the complaint was properly denied without regard to the sufficiency of the opposition thereto (*see Carr v KMO Transp., Inc.*, 58 AD3d 783, 785 [2009]).

Giove established its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint. In support of its motion Giove submitted a transcript of the deposition testimony of the Town's employee, who testified that the wall was intact when he started to unload the paper. He unloaded the paper by pulling a lever on the truck which caused a blade attached to a mechanical arm to push the paper off of the back of the truck. He stopped unloading because the paper "wasn't coming off normally," and then walked to the back of the truck and discovered that the top of the cement-block wall was missing. Giove also submitted the transcript of the deposition testimony of one of its supervisors, who stated, inter alia, that during his 15-year tenure with the company there had never been a problem with the wall falling or breaking.

In opposition, however, the Town raised a triable issue of fact as to whether Giove's negligence contributed to the happening of the accident. The Town noted that, at their depositions, Giove's representatives testified that it was Giove's practice to have its employees assist truck drivers with backing into the facility and unloading the paper by directing them when to start and stop unloading paper, but that the Town's employee testified that he backed in and unloaded with no such assistance. The Town also submitted the deposition

testimony of a representative of Giove who stated that the cement blocks on the subject wall were stacked without any mortar securing them, and evidence that after the accident the New York City Department of Buildings issued a violation against Giove with respect to the stacked cement blocks. Given this evidence, the Supreme Court properly denied those branches of Giove's motion which were for summary judgment dismissing the causes of action in the third-party complaint seeking common-law indemnification and contribution.

However, the Supreme Court should have granted that branch of Giove's motion which was for summary judgment dismissing the cause of action in the third-party complaint seeking contractual indemnification. Giove established that it had no contractual relationship with the Town, and in opposition to the motion, the Town failed to raise a triable issue of fact as to whether it was an intended third-party beneficiary of a contract between Giove and the Islip Resource Recovery Agency (*see Galvin Bros., Inc. v Town of Babylon, N.Y.*, 91 AD3d 715, 716 [2012]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.