■ MELISSA A. STRILCIC, Appellant, v THOMAS M. PAROLY, Respondent. [903 NYS2d 905]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered August 14, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (hereinafter the 90/

180-day category) (*see Encarnacion v Smith*, 70 AD3d 628 [2010]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The subject accident occurred on August 8, 2007. In her second supplemental bill of particulars, the plaintiff alleged that, since the subject accident occurred, she has been unable to return to work. The medical report of Dr. Leon Sultan, the defendant's examining orthopedic surgeon, who examined the plaintiff one year and three months after the subject accident, noted that the plaintiff did not return to her two part-time jobs after the subject accident. In addition, the plaintiff was examined by Dr. Freddie M. Marton, the defendant's examining neurologist, on October 23, 2008. Both Dr. Sultan and Dr. Marton failed to relate their findings to the 90/180-day category of serious injury for the period of time immediately following the subject accident.

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Encarnacion v Smith*, 70 AD3d at 628; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.