In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J), dated February 1, 2010, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
*1012 Ordered that the order is affirmed insofar as appealed from, with costs.
While we affirm the order insofar as appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d. 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants’ motion papers failed to adequately address the plaintiffs claim, clearly set forth in her bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Strilcic v Paroly, 75 AD3d 542 [2010]; Encarnacion v Smith, 70 AD3d 628 [2010]; Alvarez v Dematas, 65 AD3d 598 [2009]; Smith v Quicci, 62 AD3d 858 [2009]; Alexandre v Dweck, 44 AD3d 597 [2007]; Sayers v Hot, 23 AD3d 453, 454 [2005]). The subject accident occurred on January 14, 2004. In her bill of particulars, the plaintiff alleged that after the subject accident she was unable to resume working for more than five months. She testified at her deposition that she did not return to work until May 9, 2005. The plaintiff was examined by Dr. Andrew Miller, an orthopedic surgeon, on April 17, 2009, and by Dr. Vladimir Zlatnik, a neurologist, on April 8, 2009. Both Dr. Miller and Dr. Zlatnik failed to relate their findings to this category of serious injury for the period of time immediately following the subject accident.
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Strilcic v Paroly, 75 AD3d at 542; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.