■ SALVATORE GALOFARO et al., Appellants, v JOSEPH C. WYLIE, Respondent. [910 NYS2d 524]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated September 10, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Salvatore Galofaro did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On September 24, 2004, in Manhattan, Salvatore Galofaro (hereinafter the injured plaintiff) allegedly was injured in a collision between his vehicle and the defendant's vehicle. The injured plaintiff, and his wife, suing derivatively, commenced this action alleging that the subject accident caused the injured plaintiff to sustain a serious injury within the meaning of Insurance Law § 5102 (d). After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff had not suffered a serious injury (*see* Insurance Law § 5102 [d]). The Supreme Court granted the motion; we reverse.

The plaintiffs alleged in their bill of particulars, amended bill of particulars, and supplemental bill of particulars, inter alia, that the injured plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately fol-

lowing the subject accident (see *Strilcic v Paroly*, 75 AD3d 542 [2010]; *Encarnacion v Smith*, 70 AD3d 628, 629 [2010]). The defendant failed to meet his burden of establishing his prima facie entitlement to judgment as a matter of law dismissing the complaint inasmuch as he did not establish that the injured plaintiff had not suffered such a medically determined injury (see *Alvarez v Dematas*, 65 AD3d 598, 599 [2009]; *Smith v Quicci*, 62 AD3d 858, 858-859 [2009]). Since the defendant did not sustain his prima facie burden on his motion, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see *Strilcic v Paroly*, 75 AD3d at 542; *Takaroff v A.M. USA, Inc.*, 63 AD3d 1142, 1144 [2009]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.