■ DONOVAN REYNOLDS, Respondent, v WAI SANG LEUNG, Appellant. [911 NYS2d 431]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 9, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a

ground other than that relied upon by the Supreme Court. The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (hereinafter the 90-180 category of serious injury) (*see Udochi v H & S Car Rental Inc.*, 76 AD3d 1011 [2010]; *Strilcic v Paroly*, 75 AD3d 542 [2010]; *Bright v Moussa*, 72 AD3d 859 [2010]; *Encarnacion v Smith*, 70 AD3d 628 [2010]; *Negassi v Royle*, 65 AD3d 1311 [2009]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]).

The subject accident occurred on October 31, 2006. In his supplemental bill of particulars, the plaintiff alleged that, after the subject accident, he was unable to resume working for more than 110 weeks. In support of his motion, the defendant submitted affirmed medical reports of a neurologist who examined the plaintiff on April 29, 2009, and of an orthopedic surgeon who examined the plaintiff on April 28, 2009. Although both physicians addressed the issue of whether the plaintiff sustained a significant limitation of use of a body function or system or a permanent consequential limitation of use of a body organ or member, they failed to relate their findings to the 90-180 category of serious injury for the period of time immediately following the subject accident.

Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Strilcic v Paroly*, 75 AD3d at 543; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.