■ VASANTI TRIVEDI, Respondent, v AHMET VURAL et al., Appellants. [934 NYS2d 861]—

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a

medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919, 920 [2010]; *cf. Tinsley v Bah*, 50 AD3d 1019, 1019-1020 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Reynolds v Wai Sang Leung*, 78 AD3d at 920).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.