■ JUAN SALDARRIAGA et al., Appellants, v GERMAN MORENO et al., Defendants, and NICHOLAS VIOLA, Respondent. [957 NYS2d 207]—

The defendant Nicholas Viola failed to meet his prima facie burden of demonstrating that the plaintiff Juan Saldarriaga (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Viola's motion papers failed to adequately address the injured plaintiff's claim, clearly set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*cf. Tinsley v Bah*, 50 AD3d 1019, 1019-1020 [2008]).

Since Viola failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Accordingly, the Supreme Court erred in granting that branch of Viola's motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against him. In light of our determination, a subsequent order of the same court entered December 14, 2011, which, inter alia, upon, in effect, granting reargument, adhered to the determination in the order entered May 26, 2011, granting that branch of Viola's motion, and, sua sponte, in effect, directed the dismissal of the complaint insofar as asserted against the defendant German Moreno, must be vacated. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.