In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered October 27, 2011, as granted the defendants’ motion for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The defendants failed to meet their prima facie burden on their motion for summary judgment of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure *832 v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants’ motion papers failed to adequately address the plaintiffs’ claims, clearly set forth in their bill of particulars, that they each sustained a medically determined injury or impairment of a nonpermanent nature which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Trivedi v Vural, 90 AD3d 1031, 1031-1032 [2011]; Reynolds v Wai Sang Leung, 78 AD3d 919, 920 [2010]; Udochi v H & S Car Rental Inc., 76 AD3d 1011, 1012 [2010]; Strilcic v Paroly, 75 AD3d 542 [2010]; Encarnacion v Smith, 70 AD3d 628, 629 [2010]). Moreover, in his report, the defendants’ examining orthopedist, Dr. Michael E Rafiy, set forth significant limitations in the range of motion of the plaintiff John I. Johnson’s left shoulder (see Alvarez v Dematas, 65 AD3d 598, 600 [2009]; Landman v Sarcona, 63 AD3d 690, 691 [2009]). Although Dr. Rafiy concluded that the decreased range of motion was voluntary, he failed to explain or substantiate, with objective medical evidence, the basis for this conclusion (see Hi Ock Park-Lee v Voleriaperia, 67 AD3d 734, 735 [2009]; Cuevas v Compote Cab Corp., 61 AD3d 812 [2009]).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment, and it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Trivedi v Vural, 90 AD3d at 1032; Reynolds v Wai Sang Leung, 78 AD3d at 920). Rivera, J.P., Hall, Roman and Miller, JJ., concur.