◼ Gilbert Gonzalez, Respondent, v Mourad Houmita et al., Appellants. [960 NYS2d 906]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated April 4, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claims, clearly set forth in the bill of particulars, that he sustained serious injuries to his left shoulder and to the cervical region of his spine (*cf. Staff v Yshua*, 59 AD3d 614

[2009]), and that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Saldarriaga v Moreno*, 101 AD3d 981 [2012]; *Lopez v Kelleher*, 100 AD3d 972 [2012]; *cf. Karpinos v Cora*, 89 AD3d 994, 995 [2011]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.