In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated December 13, 2011, as granted that branch of the defendants’ motion which was for summary judgment dismissing the *703 complaint on the ground that the plaintiff Catherine GreeneManzi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint is denied.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff Catherine Greene-Manzi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant’s motion papers failed to adequately address the plaintiffs’ claim, clearly set forth in the bill of particulars, that Greene-Manzi sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Anderson v Saraceno, 104 AD3d 622 [2013]; Farrah v Pinos, 103 AD3d 831 [2013]; Saldarriaga v Moreno, 101 AD3d 981 [2012]; cf. Calucci v Baker, 299 AD2d 897 [2002]).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Stukas v Streiter, 83 AD3d 18, 24 [2011]). Accordingly, the Supreme Court should have denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint on the ground that GreeneManzi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Rivera, J.E, Dickerson, Leventhal and Lott, JJ., concur.