■ LATOYA JARVIS, Respondent, v JERMAINE SANJOSE, Appellant. [963 NYS2d 593]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 14, 2012, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, without costs or disbursements.

The defendant failed to meet his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in the bill of particulars, that she sustained a medically determined injury or impairment of a

nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Gonzalez v Houmita*, 104 AD3d 912 [2013]; *Saldarriaga v Moreno*, 101 AD3d 981, 982 [2012]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.