In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 13, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The defendant failed to meet his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant’s motion papers failed to adequately address the plaintiff’s claims, clearly set forth in the bill of particulars, that the plaintiff sustained serious injuries to his knees under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Bove v Zanelli, 102 AD3d 644 [2013]), and that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Reynolds v Wai Sang Leung, 78 AD3d 919, 920 [2010]). Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see generally Stukas v Streiter, 83 AD3d 18, 24 [2011]). Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment *716 dismissing the complaint. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.