■ Ihor Tekhnyeyev, Appellant, v Yvette Joseph, Respondent. [18 NYS3d 564]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 3, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 955-956 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]; Reynolds v Wai Sang Leung, 78 AD3d 919, 920 [2010]).

In light of the defendant's failure to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.