■ NICOLE ELSON, Respondent, v ARTURO NUNEZ et al., Appellants, et al., Defendant. [29 NYS3d 199]—

In an action to recover damages for personal injuries, the defendants Arturo Nunez and Carl Walsh appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated December 17, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants Arturo Nunez and Carl Walsh (hereinafter together the defendants) failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The affirmed report of their medical expert opined that the plaintiff's loss of her fetus, which was confirmed approximately two weeks after the defendants' van struck the rear of the sedan in which the plaintiff was a passenger, was unrelated to the accident. However, the expert's opinion was based on alleged blood test results which the defendants failed to submit on the motion, and was otherwise conclusory and speculative. Moreover, the defendants submitted the plaintiff's deposition testimony in

support of their motion, and their expert's affidavit failed to address the plaintiff's testimony that her pregnancy was normal until the collision, and that the symptoms of her miscarriage began almost immediately following the collision.

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Reynolds v Wai Sang Leung*, 78 AD3d 919 [2010]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.