Dembowski v Morris (2020 NY Slip Op 03397)





Dembowski v Morris


2020 NY Slip Op 03397


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02313
 (Index No. 601394/15)

[*1]Sheryl Dembowski, respondent, 
v
Bentley Morris, et al., appellants.


Sobel Pevzner, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Cannon & Acosta, LLP, Huntington Station, NY (June Redeker and Duffy & Duffy, PLLC [John S. Kanzler], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered December 22, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment in her favor on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which had been granted in an order of the same court entered May 22, 2017.
ORDERED that the order entered December 22, 2017, is affirmed insofar as appealed from, with costs.
The underlying facts of this action are recited in this Court's decision and order on a related appeal, decided herewith (see Dembowski v Morris, _____ AD3d _____ [Appellate Division Docket No. 2017-06463]). By order entered December 22, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment in her favor on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which had been granted in an order of the same court entered May 22, 2017. The defendants appeal.
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927). Here, even accepting the defendants' proffered justification for the failure to present the new expert opinions in their original opposition to the plaintiff's motion, the new facts would not have changed the prior determination. In the order entered May 22, 2017, the Supreme Court determined that the plaintiff established, as a matter of law, that she suffered a serious injury under the 90/180-day category of Insurance Law § 5102(d). The expert affirmation proffered by the defendants' examining orthopedist, Daniel Rich, in support of the defendants' renewal motion acknowledged that [*2]the plaintiff had been diagnosed with injuries "consistent with" the subject motor vehicle accident, but failed to offer an opinion as to whether the limitations the plaintiff experienced during at least 90 of the first 180 days following the accident were related to these injuries (see Kapeleris v Riordan, 89 AD3d 903, 904; see also Strilcic v Paroly, 75 AD3d 542, 543; Encarnacion v Smith, 70 AD3d 628, 629.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court