| Toure v Sanogo |
|:---:|
| 2024 NY Slip Op 30116(U) |
| January 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157854/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**

*Justice*

PART: 22M

-------------------------------------------------------------------X

DAME TOURE

Plaintiff,

- v -

SOUNKALO SANOGO,

Defendant.

-------------------------------------------------------------------X

INDEX NO. 157854/2019

MOTION DATE 03/14/2023

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, and following oral argument, the motion by defendant for summary judgment and dismissal of plaintiff's complaint on the grounds that plaintiff's claimed injuries do not satisfy the serious injury threshold under Insurance Law 5102 (d) and 5104 is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of an October 4, 2018 accident in which plaintiff, while bicycling at the intersection of West 116th Street and Seventh Avenue in Manhattan, was allegedly srtuck by a taxi owned and operated by defendant Sounkalo Sanogo. Plaintiff's Bill of Particulars alleges cervical sprain/whiplash syndrome; cervical myositis/muscle spasms; possible cervical radiculopathy; thoracic spine sprain/strain; lumbar sprain; lumbar myositis/muscle spasms; possible lumbar radiculopathy; internal derangement of the right hip; internal derangement of the right knee; contusion of the right thigh and right shin; and post-concussion syndrome. The Bill of Particulars further asserts that cervical spine and lumbar spine electromyography (EMG) and nerve conduction studies performed on January 14, 2019 revealed, respectively, a right C5 cervical radiculitis and a right L5 lumbar radiculitis.

157854/2019 TOURE. DAME vs. SANOGO, SOUNKALO
Motion No. 002

Plaintiff's Bill of Particulars contends that these injuries fall within all of the categories set forth under Insurance Law 5102(d): death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitutes such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

Plaintiff was a high school student at the time of the accident. While he was also employed as a deliverer by Uber Eats, his Bill of Particulars does not allege damages arising from lost employment earnings.

The burden rests upon the movant to establish that the plaintiff has not sustained a serious injury (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]; *Lowe v Bennett*, 122 AD2d 728 [1st Dept 1986], *affd* 69 NY2d 701 [1986]). When the movant has made such a showing, the burden shifts to the plaintiff to produce prima facie evidence to support the claim of serious injury (*see Lopez v Senatore*, 65 NY2d 1017 [1985]; *Abate v Wolf*, 219 AD3d 1118 [4th Dept 2023]). In support of his motion, defendant relies on an affirmed report of an orthopedic surgeon, Pierce Ferriter, M.D., following an examination on October 8, 2021.

Dr. Ferriter found that plaintiff had suffered initially from cervical spine sprain/strain; thoracic spine sprain/strain; lumbar spine sprain/strain; right hip/thigh sprain/strain; and right knee/shin sprain/strain/contusion. He concluded that each of these injuries had resolved (*see Maenza v Letkajornsook*, 172 AD2d 500 [2d Dept 1991] ["allegations of sprains and contusions are insufficient to establish that the plaintiff sustained a 'serious injury' as defined in the statute"]).

157854/2019  TOURE, DAME vs. SANOGO, SOUNKALO
Motion No. 002

Page 2 of 6

[* 2]

Dr. Ferriter measured plaintiff's range of motion using a hand-held goniometer and compared his measurements to normal values according to AMA Guidelines. He reported normal range of motion and negative objective tests as to plaintiff's cervical spine, thoracic spine, lumbar spine, right hip/thigh, and right knee/shin. Dr. Ferriter reported, accordingly, that plaintiff presented a normal orthopedic examination on all objective testing and is able to perform activities of daily living without limitation.

With respect to the claim of deprivation of plaintiff's usual activities of work and living for 90 of 180 days, defendant, citing *Travis v Batchi* (18 NY3d 208 [2011]), urges that the examination and plaintiff's proofs fail to establish that plaintiff was medically prevented from performing substantially all of his usual and customary activities for the requisite period. Defendant submits plaintiff's deposition testimony, in which plaintiff averred that he was at no time immediately after the accident confined to his bed or to his home and that he was not told by a doctor not to work.

Defendant has met his initial burden of establishing that plaintiff did not sustain serious injuries as a result of the accident under Insurance Law §5102 (d)(*Perez v Rodriguez*, 25 AD3d 506). The burden therefore shifts to plaintiff to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In opposition, plaintiff submits his own affidavit, as well as opinions and records of his examining physician. He contends that he still suffers frequent significant pain in his lower back and right knee, as well as less frequent neck pain. He further asserts that he was a high school soccer player but is no longer able to play the sport as a result of his injuries.

His examining physician was Dr. Joyce Goldenberg, board certified in physical medicine and rehabilitation. She conducted a full medical examination, including tests for range of motion

157854/2019 TOURE, DAME vs. SANOGO, SOUNKALO
Motion No. 002

Page 3 of 6

[* 3]

limitation. According to her affirmation and her affirmed report, she objectively measured the range of motion restrictions in the cervical spine, the lumbar spine, right hip, and the right knee with a goniometer and inclinometer. Dr. Goldenberg determined that range of motion limitation in the cervical spine was 55% reduction in lateral flexion right and 60% left, 55-58% reduction in lateral rotation bilaterally and 42% reduction in extension. In the lumbar spine, range of motion was restricted 60% in extension, 39% in flexion, 64% bilaterally in lateral flexion/lateral rotation, and 69% in right rotation and 64% in left. In the right hip, range of motion was restricted 42% in flexion, 26% in extension, 48% in adduction, 32% in abduction, 62.5% in internal rotation and 44% in external rotation. In the right knee, range of motion was restricted 26%. A subsequent examination showed improvement, but continuing limitations in plaintiff's range of motion.

Dr. Goldenberg made the following diagnoses:

1. Cervical radiculitis on the right at the level of C5.

2. Cervical myofascial pain syndrome/muscle spasms.

3. Lumbar radiculitis on the right at the level of L5.

4. Lumbar myofascial pain syndrome/muscle spasms.

5. Right hip sprain.

6. Right knee sprain.

7. Post-concussion syndrome/cognitive deficits.

She opines to a reasonable degree of medical certainty that the accident was the sole competent producing cause of plaintiff's injuries and consequent limitations. She concludes that the loss of mobility is permanent, and that plaintiff will live the rest of his life with pain and reduced range of motion. She does not, however, render a specific opinion on the 90/180 days claim.

157854/2019  TOURE, DAME vs. SANOGO, SOUNKALO
Motion No. 002

Page 4 of 6

4 of 6

The Court's function in adjudicating a motion for summary judgment is issue-finding, not issue-determination (*see Sillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Because the parties' respective experts materially disagree on the range and permanence of the alleged injuries, summary judgment must be denied on the branches of plaintiff's claim alleging permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system. Plaintiff's submission does not address his claims for death, dismemberment, significant disfigurement, a fracture, or permanent loss of use of a body organ, member function or system, nor is there any evidence to support those criteria. Partial summary judgment will therefore be granted on those four limited categories.

In addition, partial summary judgment is granted on plaintiff's claim of a nonpermanent injury which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury. Plaintiff testified in his deposition that he was not confined to his bed or his home following the accident and that his doctors did not recommend such a restriction (*see Burns v McCabe*, 17 AD3d 1111 [4th Dept 2005] [evidence that plaintiff missed only a week of school was prima facie proof that his activities were not curtailed to the required duration]; *see also Hernandez v Rodriguez*, 63 AD3d 520, 521 [1st Dept 2009]). Also, under Insurance Law 5102(d), an injury must be "medically determined" to qualify under the 90/180-day category (*see Lazu v Harlem Group*, 89 AD3d 435, 436 [1st Dept 2011]; *Galofaro v Wylie*, 78 AD3d 652 [2d Dept 2010]; *see also Sanz v MTA-Long Is. Bus*, 46 AD3d 867 [2d Dept 2007]), meaning that the condition must be substantiated by a physician (*see Ryan v Xuda*, 243 AD2d 457, 457-458 [2d Dept 1997]). No medical support was proffered here.

Therefore, defendant's motion for summary judgment is granted in part only.

157854/2019 TOURE, DAME vs. SANOGO, SOUNKALO
Motion No. 002

Page 5 of 6

[* 5]

Accordingly. it is

**ORDERED** that the motion by defendant for summary judgment and dismissal of plaintiff's complaint is DENIED except as to plaintiff's claim of death, dismemberment, significant disfigurement, a fracture, permanent loss of use of a body organ, member function or system or for serious injury under the 90/180-days category of Insurance Law 5102 (d), as to which the motion is GRANTED; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days after entry, plaintiff shall serve a copy of this Decision and Order upon defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 1/10/2024 | | | JAMES G. CLYNES, J.S.C. |
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

157854/2019  TOURE. DAME vs. SANOGO, SOUNKALO
Motion No. 002

Page 6 of 6

6 of 6

[* 6]